# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LYNELL CHRISTMAS,**<br>    Petitioner,<br><br>v.<br><br>**JEROME WALSH, et al.,**<br>    Respondents. | CIVIL ACTION NO. 11-7390 |

## ORDER

**AND NOW**, this 4th day of February 2013, upon careful and independent consideration of the Petition for Writ of Habeas Corpus [Doc. No. 1], the state's response thereto, and the state court record, and upon review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey [Doc. No. 12], to which Petitioner filed no objections,[1] it is hereby **ORDERED** that:

    1.    The Report and Recommendation [Doc. No. 12] is **APPROVED** and **ADOPTED**;[2]

---

[1] On August 27, 2012, Petitioner requested an extension of time to file his objections, and the Court granted that request. However, Petitioner neither filed objections nor requested an additional extension of time.

[2] Petitioner's brief asserts that he was denied effective assistance of counsel by trial counsel because: 1) trial counsel caused Petitioner to enter into an involuntary, unknowing guilty plea, in part by failing to ask the trial judge to terminate the plea colloquy and order a psychiatric evaluation before proceeding when Petitioner told the trial judge during that colloquy: "of course I'm stressing and I'm depressed because I'm fighting for my life"; and 2) counsel failed to file a motion to withdraw the guilty plea after it was entered, although Petitioner sent counsel several letters asking counsel to file such a motion. The Court adopts the Magistrate Judge's analysis and conclusions as to these two arguments.

    Petitioner also argues that "counsel was ineffective for not requesting [that] the trial court properly instruct Juror # (8) to find petitioner not guilty if she believed the commonwealth, had not met its burden . . . ." Petitioner's case was tried and submitted to a jury on April 11, 2007. Juror No. 8 sent a note to the court stating that because he was "under financial pressure" to return to work, he was "willing to go along with the consensus opinion" although he did "not agree that the DA presented a convincing case or the police conducted a competent crime scene investigation, or that the evidence was coherent or complete." N.T. 4/11/07 at 93. The judge told the parties that declaring a mistrial was one possible resolution; as was talking to Juror No. 8 about his duties as a juror, and retaining him as a juror if she was able to rehabilitate him. N.T. 4/11/07 at 94, 96. Alternatively, the judge suggested, the prosecution could reopen its earlier plea offer. N.T. 4/11/07 at 94-95. Defense counsel suggested that

2. The Petition for Writ of Habeas Corpus is **DENIED**;

3. There is no probable cause to issue a certificate of appealablity; and

4. The Clerk of Court is **DIRECTED** to mark this case closed for statistical purposes.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

in light of the circumstances, the court should declare a mistrial. N.T. 4/11/07 at 94. The prosecutor suggested that Juror No. 8 be replaced by an alternate if he could not continue to deliberate in good faith. N.T. 4/11/07 at 97. The judge adjourned the proceedings for the day without resolving the issue. N.T. 4/11/07 at 98-100. The next day, the judge indicated that the prosecutor's proposal might be legally permissible in Christmas's case, and noted that if she determined that it was not, then she would declare a mistrial and immediately impanel a new jury. N.T. 4/12/07 at 3-8. Before the judge issued a ruling, however, Petitioner decided to accept a renewed plea offer and the judge conducted a plea colloquy. N.T. 4/12/07 at 9-28, 34-36. Here, the Magistrate Judge found that the reasoning of the state court on this issue was not contrary to, nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), agreeing with the Pennsylvania Superior Court that it would not have been "beneficial to [Petitioner] to proceed with a juror who had stated both verbally and in writing that he would convict a man he believed to be innocent rather than deliberate for a second day. Thus, trial counsel was not ineffective for not attempting to persuade the trial court to reinstruct the obstructive juror with a view to retaining him as a member of the jury . . . ." R & R at 11. This Court agrees with the well-reasoned opinion of the R & R on this issue as well.